UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ANNE VICTORIA BOESE <br> (Social Security No. XXX-XX-6949), <br> Plaintiff, <br> v. <br> CAROLYN W. COLVIN, <br> Acting Commissioner of the Social <br> Security Administration, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 4:12-cv-77-WGH-SEB |

**ENTRY ON JUDICIAL REVIEW**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to the parties= Consents and an Order of Reference entered September 7, 2012. (Docket No. 13). Anne Victoria Boese seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner", "SSA"), which found her not disabled and not entitled to Disability Insurance Benefits or Supplemental Security Income (collectively, "benefits") under the Social Security Act ("the Act") prior to March 13, 2012. 42 U.S.C. § 301 *et seq*. For the reasons stated below, the Commissioner's decision must be **AFFIRMED**.

**I. Background**

 **A. Procedural History**

Boese applied for benefits in August 2008; her claim was denied initially on November 21, 2008, and she never requested reconsideration. (R. 22, 118-

1

25). On June 28, 2010, she filed separate claims, alleging a disability onset date of May 9, 2008. (R. 220-25). She was 51 years old at the time of alleged onset, had a high school education, and could communicate in English. (R. 29, 220). These latter applications were denied initially and upon reconsideration. (R. 126-33, 138-43). Boese timely filed a request for a hearing before an administrative law judge ("ALJ"), but on April 1, 2011, an SSA attorney advisor issued an opinion finding that she had been disabled since May 9, 2008. (R. 102, 107). The attorney advisor also concluded it was appropriate "to reopen and revise the claimant's prior applications for disability." (R. 107). Boese's request for hearing was dismissed on May 2, 2011. (R. 108).

On September 8, 2011, the SSA Appeals Council remanded Boese's case to an ALJ, finding that: (a) the attorney advisor had erred by reopening the August 2008 application for disability; and (b) her findings were not supported by substantial evidence. (R. 112-13). Boese had a hearing before an ALJ on February 15, 2012. On March 14, 2012, the ALJ issued an opinion holding that he was barred by *res judicata* from considering any allegation of disability before November 21, 2008, the date her 2008 application was denied. (R. 22). He further determined that Boese was not disabled prior to March 13, 2012. However, on that date she turned 55 years old,[1] became an individual of advanced age, and became permanently disabled. (R. 29-31). The Appeals Council denied her appeal on May 22, 2012 (R. 11-16), leaving the ALJ's

---

[1] According to Boese's disability application, she would have turned 55 years old on March 14, 2012. (R. 220).

2

decision as the final decision of the Commissioner. 20 C.F.R. §§ 404.955(a), 404.981. As a final decision, jurisdiction is proper in this court. 42 U.S.C. § 405(g).

### B. ALJ Findings

The ALJ's decision included the following findings: (1) Boese had not engaged in substantial gainful activity since the alleged onset date; (2) she had the following severe impairments: diabetes mellitus with neuropathy and diabetic retinopathy; cataracts; and varicose veins; (3) none of the severe impairments met or equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1 listings" or "listings") (R. 25-26); (4) Boese had the residual functional capacity ("RFC") to perform light work with several limitations[2] (R. 26-29); (5) Boese could not perform past relevant work and had no transferable skills (R. 29-30); and (6) given Boese's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy she could perform prior to March 13, 2012, and there were no jobs in significant numbers she could perform beginning that date. (R. 30-31). Based on these findings, the ALJ concluded Boese was not disabled

---

[2] Specifically, Boese could: lift, carry, push, or pull 20 pounds occasionally and ten pounds frequently; she could stand and/or walk for six hours out of an eight-hour workday, provided she was not made to stand for more than one hour at a time without being allowed to sit for five minutes; she could sit for six hours in an eight-hour work day; she could only occasionally stoop, kneel, crouch, and climb ramps and stairs; she could never crawl, climb ladders, ropes, or scaffolds, operate automotive equipment, or work at unprotected heights, around hazardous machinery, or jobs requiring depth perception; and she needed to avoid concentrated exposure to extreme cold or heat, high humidity, wetness, fumes, noxious odors, dusts, and gases. (R. 26)

prior to March 13, 2012, became disabled that day, and has continued to be disabled.

## II. Legal Standards

In order to qualify for disability benefits, Boese must establish that she suffered from a "disability" as defined by the Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). To establish disability, the claimant must present medical evidence of an impairment resulting "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 416.908; 404.1508.

The Social Security regulations outline a five-step inquiry the ALJ is to perform in order to determine whether a claimant is disabled. The ALJ must consider whether the claimant: (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an Appendix 1 listing for an impairment so severe it precludes substantial gainful activity; (4) is unable to perform her past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4). The burden of proof is on Boese for steps one through four; only after Boese has met her evidentiary burden

does the burden shift to the Commissioner at step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (internal quotation omitted); see also *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).

### III. Discussion

Boese raises three issues on appeal. She claims that: (A) the ALJ violated the treating physician rule; (B) Boese's RFC was not supported by substantial evidence; and (C) the ALJ's credibility determination was flawed.

### A. The ALJ properly applied the treating physician rule.

Dr. James Drummond became Boese's treating physician in July 2009. (R. 368). In December 2009 and again in July 2010, Dr. Drummond opined that Boese was unable to work and was permanently disabled. (R. 369, 374). In his response to the RFC questionnaire, he indicated that Boese could not even function in a low-stress job, would need two or three unscheduled walking breaks in an eight-hour shift, needed her legs elevated to hip level for at least half of her shift, and could not lift more than 20 pounds. (R. 371-72).

The ALJ gave Dr. Drummond's opinion little weight, concluding that his opinion "do[es] not appear to be a reliable indication of the claimant's physical condition." (R. 29). The ALJ noted that there was no record of Dr. Drummond

performing any objective testing to support his conclusions. Moreover, his conclusions conflicted with the objective test results and conclusions of Disability Determination Services ("DDS") consultative examiners Drs. Mehmet Akaydin, Jr., and Albert Singh. (R. 28-29, 358-63, 390-96). The ALJ instead assigned significant weight to the opinions of DDS consulting physicians Drs. M. Brill and Mangala Hasanadka, finding their RFC assessments were "generally consistent with the medical evidence, and they form the basis for the [RFC]. . . . However, the record as a whole supports an additional limitation to [sic] no standing or walking for over one hour at a time." (R. 27 (citing R. 429-36, 446)).

Boese claims that by granting greater weight to the opinions of Drs. Brill and Hasanadka than to Dr. Drummond, the ALJ violated the treating physician rule, which states that treating medical sources should generally be accorded greater weight than non-treating sources. 20 C.F.R. § 404.1527(d)(1).[3] Boese concedes Dr. Drummond's opinion may not have been entitled to controlling weight, but claims that the ALJ failed to consider the required factors in deciding the weight to assign to Dr. Drummond's opinion. (Plaintiff's Brief 11-12). She opines that given the length of time Dr. Drummond treated Boese, the internal consistency of his progress notes and RFC evaluation, and consistency between Boese's complaints to Dr. Drummond and Drs. Akaydin and Singh, Dr. Drummond's opinion was entitled to greater weight.

---

[3] At the time the ALJ issued his decision, the treating physician rule was codified at 20 C.F.R. § 404.1527(d). Subsequently, the regulation was modified, and 20 C.F.R. § 404.1527(d), (e), and (f) were re-codified unchanged at 20 C.F.R. § 404.1527(c), (d), and (e), respectively.

6

Boese further argues that because Dr. Akaydin's opinion supported Dr. Drummond's RFC assessment, the ALJ erred in using Drs. Akaydin and Singh's opinions as his basis for discounting Dr. Drummond's opinion. Dr. Akaydin thought Boese would not be able to walk without need of an assistive device due to varicose veins. He further opined that she could probably perform sedentary work but "should probably avoid any type of employment that requires more than a moderate amount of standing, walking and stair climbing if at all possible." (R. 362).

The Commissioner counters that the lack of records supporting Dr. Drummond's notes about Boese's numbness and neuropathy and the opinion's inconsistency with the other record evidence were valid reasons to discount his opinion. 20 C.F.R. § 404.1527(d)(3-4). Conversely, the general consistency between Drs. Brill and Hasanadka's opinions and the record evidence was a valid reason for the ALJ to accord their opinions significant weight. *Id.* at (d)(4); (R. 27, 429-36, 446). Finally, Dr. Brill reasonably interpreted Dr. Akaydin's opinion by finding Boese capable of light work. (R. 27, 430).

The treating physician rule is a two-step process that an ALJ must undertake if a treating physician's opinion is in the record. First, the ALJ must determine if the physician's findings are supported by the medical findings and consistent with other substantial evidence in the record. If so, the opinion is to be given controlling weight. *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007) (internal quotation omitted). If not, the ALJ must consider several factors in deciding how much weight to give the opinion, including:

7

> (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 404.1527(d)(2).

Boese's argument is not persuasive. First, the ALJ did not, as Boese claims, reject Dr. Drummond's opinion; he assigned it little weight. Second, as the Commissioner notes, the lack of medical testing by Dr. Drummond to support his conclusion meant that he was essentially relying on Boese's subjective complaints. This is particularly concerning, given that Dr. Drummond's conclusion was at odds with the objective findings of the DDS consulting examiners, Drs. Akaydin and Singh. Dr. Brill reviewed extremity and vision tests and evaluated Boese's range of motion. The ALJ incorporated Dr. Brill's restrictions into Boese's RFC. (R. 26-27, 429-36). The objective base for Dr. Brill's restrictions was a valid reason to discount Dr. Drummond's opinion and give Drs. Brill and Hasanadka's opinions significant weight.

Moreover, the court agrees with the Commissioner that Boese's argument distorts Dr. Akaydin's opinion. While Dr. Akaydin opined that it would be preferable for her to perform sedentary work, he did not foreclose light work. Rather, he concluded that jobs like her past employment as a waitress would be inappropriate because she would be on her feet all day long. He further stated that aside from varicose veins in her right leg, "she appeared to be

grossly intact and quite functional." (R. 362). This is not nearly as restrictive as Dr. Drummond's opinion of total disability,[4] and Boese's argument that Dr. Akaydin's opinion was similar to Dr. Drummond's is erroneous.

Since the ALJ did not commit legal error and provided valid reasons for discounting Dr. Drummond's opinion, he did not violate the treating physician rule.

## B. The RFC determination was proper.

The ALJ concluded that Boese was capable of performing light work with several limitations. Light work may require "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Boese notes that Dr. Singh found that she had difficulty standing for long periods due to her varicose veins, and that Dr. Akaydin opined that she should avoid jobs requiring more than moderate standing, walking, and stair climbing. (R. at 362, 393). She argues that their findings, Dr. Drummond's opinion that she could not walk or stand for more than half the day (R. 372), and the consistency between Dr. Drummond's opinion and all of her reports of pain, show that she cannot perform any work. Substantial evidence therefore did not support an RFC of light work.

Dr. Akaydin's opinion did not foreclose light work, and in fact, he concluded that she could perform "most forms of at least minimally to mildly

---

[4] A physician's conclusion that a claimant is disabled is entitled to no weight; only the Commissioner may make such a finding. 20 C.F.R. § 404.1527(e).

9

physical strenuous type work without any overt difficulty." (R. 362). As discussed *supra*, the ALJ's decision to afford little weight to Dr. Drummond's opinion was well-supported. Therefore, his opinion cannot serve as a basis for a more restrictive RFC. Moreover, Boese mischaracterizes Dr. Singh's opinion. Dr. Singh did find that Boese had "extremely severe varicosities throughout the right medial thigh and right calf . . . [and] less severe varicosities in the left calf" and that Boese claimed to have "discomfort with standing for prolonged periods of time as well as ambulation." (R. 393). However, he also found that, during her examination, she walked well without an assistive device and had full strength and sensation in her lower extremities. His examination further found largely normal pulmonary function and no limitations in range of motion. (R. 392-94). Dr. Singh did not opine any specific standing or walking limitations. Given his largely normal examination findings, it is not reasonable to infer that Dr. Singh thought Boese was so restricted as to be unable to perform light work.

Finally, Boese notes that her statements to the Agency, Drs. Drummond, Akaydin, and Singh, and her hearing testimony were consistent with Dr. Drummond's finding of total disability. (Plaintiff's Brief 21 (citations omitted)). As discussed *infra*, the ALJ properly discounted the credibility of her statements. Since substantial evidence—Drs. Brill and Hansanadka's opinions—supported the RFC determination, and Boese does not accuse the ALJ of any further legal errors, the RFC must be affirmed.

### C. The credibility determination was not patently wrong.

Assessing a claimant's credibility for determining the weight of a claimant's testimony in the ALJ's RFC assessment is a two-step process. First, the ALJ must determine whether the impairments found at Step Two could reasonably be expected to cause claimant's symptoms. Second, the ALJ must determine whether the claimant's statements about the intensity and persistence of symptoms are consistent with other evidence. 20 C.F.R. § 404.1529(a-c). Credibility determinations are entitled to special deference, since the ALJ is in a unique position to assess a claimant's veracity and forthrightness. *Nelson v. Apfel*, 131 F.3d 1228, 1237 (7th Cir. 1997). As long as the ALJ builds a logical bridge between the evidence and his conclusion, *id.* at 1237-38, and the finding is not "patently wrong," *Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir.1994), a reviewing court should not disturb this finding.

The ALJ determined that while Boese's statements about "the severity of pain and other symptoms and extent of limitation are [not] entirely credible because they are not well supported by objective medical evidence in the record. The statements made by the claimant's daughter are also given limited weight for this reason." (R. 27-28). Boese claims that the ALJ ignored the fact that her subjective complaints of pain and the medication prescribed were consistent throughout her treatment history. (Plaintiff's Brief 17 (citations omitted)). In doing so, and by ignoring any other consideration besides lack of supporting medical evidence, the ALJ violated SSR 96-7p and failed to build a logical bridge from the record evidence to her conclusion. *Parker v. Astrue*, 597

11

F.3d 920, 922-23 (7th Cir. 2010) (lack of objective evidence cannot be sole reason for totally discrediting a claimant); *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009). Rather, Boese's severe pain was corroborated by her extensive history of invasive medical treatment and Dr. Akaydin's doubts that she could stand and walk for prolonged periods. (R. at 362). Thus, she opines, the ALJ should have found that she was precluded from doing light work, and if she was precluded from light work, there would have been no available jobs and she would have been found disabled. (Plaintiff's Brief 18 (citing SSA Grid Rule 201.14)).

SSR 96-7p requires ALJs to consider the following factors in evaluating a claimant's credibility:

> (1) The individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment that the individual uses or has used to relieve pain or other symptoms . . . ; and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

1996 WL 374186, at *3 (Jul. 2, 1996).

Boese's argument is belied by the ALJ's extensive analysis. The ALJ noted Boese's history of noncompliance with dietary recommendations and only mild limitations in daily living. (R. 25-26). The ALJ also discussed Boese's examination by Dr. Singh, whose essentially normal findings directly contradicted Boese's statements that her pain was disabling. (R. 28). Finally,

12

Dr. Brill, whose opinion was given significant weight, found Boese only "partially credible." (R. 27, 434). In citing her extensive treatment history, Boese fails to explain how the ALJ's analysis was erroneous or misleading. Because the ALJ's analysis satisfied SSR 96-7p, he provided specific reasons for discounting Boese's credibility, and the credibility finding was not patently wrong, the court must affirm it.

## IV. Conclusion

The Magistrate Judge recognizes that Boese has had a long and difficult battle with diabetes. Her ability to comply with her doctor's recommended treatment has been complicated by her lack of financial resources and need to rely on others for her day-to-day existence. This has led to vision defects and some mobility problems. Another ALJ might have assigned greater weight to Dr. Drummond's clinical notes and observations and might have found Boese disabled at an earlier date than this ALJ. However, this ALJ, in a thoughtful and well-written opinion, has explained why he found Boese to not be disabled until March 13, 2012, and did find her disabled starting on that date. We find no error of law in that decision, and are unable to substitute our own judgment for that of the ALJ in weighing the evidence. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).

For the foregoing reasons, the ALJ's decision that Boese was not disabled prior to March 13, 2012, must be **AFFIRMED**. Judgment consistent with this Entry shall now issue.

**SO ORDERED** this 3rd day of May, 2013.

_William G. Hussmann, Jr._
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Distributed electronically to ECF-registered counsel of record.**